UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
(at Covington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 2: 97-071-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| LOIS JOCHINTO ORTA, | ) | **MEMORANDUM ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

On January 24, 2019, the Court denied Defendant Lois Jochinton Orta's motion for a sentence reduction under 18 U.S.C. § 3582 pursuant to the First Step Act of 2018 ("2018 Act"). [Record Nos. 647, 656]  Thereafter, he filed a petition for a writ of *audita querela*.  [Record No. 657]  That motion is currently pending for resolution.

Orta was convicted of numerous charges, including aiding and abetting and possession with intent to distribute 29 ½ pounds of methamphetamine.  [*See* Record No. 626.]  He was sentenced on March 9, 1999, to a term of life imprisonment pursuant to 21 U.S.C. § 841 for aiding and abetting and possession.  [Record Nos. 352, 626]  Orta was subject to an enhanced statutory penalty of life imprisonment because he had two prior felony convictions.  [*See* Record Nos. 625, 626.]

As noted above, Orta filed the present petition for a writ of *audita querela* to reduce his sentence his motion for a sentence reduction was denied.  [Record No. 657]  He argues that "a writ of Audita Querela is available to administer equitable relief from his life sentence, though Section 401 [of the 2018 Act] is not retroactive."  [*Id*., p. 2]  Orta further contends that he was

precluded from raising the amendment of 21 U.S.C. § 841 by the 2018 Act at the time of his sentencing, on direct appeal, or at the time of his § 2255 motion. [*Id*., p. 4] Additionally, he asserts that "there may be no other remedy available [] in this criminal case to remedy relief from the life sentence enhancement that is no longer enforced against defendants similarly situated as petitioner with § 841 cases…" [*Id*.] But as explained below, Orta is not entitled to relief on the grounds asserted in his most recent filing.

First, a writ of *audita querela* is a common-law remedy that provides relief in very limited circumstances in criminal cases. It is "used to attack a judgment that was correct when rendered, but that later became incorrect because of circumstances that arose after the judgment was issued." *Carrington v. United States*, 503 F.3d 888, 890 n.2 (9th Cir. 2007); s*ee also United States v. LaPlante*, 57 F.3d 252, 253 (2d Cir. 1995). Here, the judgment was correct when it was rendered in 1999 and is still correct today. Orta asserts that modification of 21 U.S.C. § 841 by the 2018 Act arose after the judgment was rendered in his case and should be applied now. However, the 2018 Act's modification of 21 U.S.C. § 841 does not provide an applicable change in law because it is not retroactive. Therefore, the 2018 Act does not apply to Orta and does not present a change in circumstances that would render the judgment incorrect.

Next, the All Writs Act provides federal courts with the authority to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). But the authority of the All Writs Act is not unlimited. Instead, it "is a residual source of authority to issue writs that are not otherwise covered by statute. Where a statute specifically addresses the particular issue at hand, it is that authority,

and not the All Writs Act, that is controlling." *Pa. Bureau of Corr. v. U.S. Marshals Serv.*, 474 U.S. 34, 43 (1985).

In this case, the issue at presented is the modification of an imposed term of imprisonment. A federal statute, 18 U.S.C. § 3582(c), specifically permits a federal court to modify a term of imprisonment in limited circumstances. One circumstance the Court may consider is when a modification is expressly permitted by statute. 18 U.S.C. § 3582(c)(1)(B). However, while the 2018 Act amended 21 U.S.C. § 841, it did not make the changes to 21 U.S.C. § 841 retroactive. Accordingly, 18 U.S.C. § 3582 specifically addresses the modification of an imposed term of imprisonment, but as the Court explained in a previous order, Orta is simply not eligible for relief under that statute. [Record No. 656] Because a statute provides Orta with a process to request modification of his sentence, a writ of *audita querela* is not appropriate. *Pa. Bureau of Corr.*, 474 U.S. at 43.

Finally, a writ of *audita querela* "requires satisfaction of the judgment, [and] it can only be used when the petitioner has served his or her sentence and has been released from custody." *Frost v. Snyder*, 13 Fed. App'x 243, 246 n. 1 (6th Cir. 2001). Orta is currently serving his sentence of life imprisonment. As a result, he has not satisfied his judgment, served his sentence, or been released from custody. Therefore, even without another basis for denial of the relief Orta requests, a writ of *audita querela* cannot be granted in the present case.

Based upon the foregoing, it is hereby

**ORDERED** that Defendant Lois Jochinto Orta's petition for a writ of *audita querela* [Record No. 657] is **DENIED**. The Court further **CERTIFIES** that any appeal taken from this action would not be taken in good faith and would be frivolous.

Dated: May 16, 2019.



Signed By:

*Danny C. Reeves*

**United States District Judge**